UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| AUSTIN ECKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00279-WTL-DLP |
| | ) | |
| LT. HIATT, | ) | |
| BROWN c/o, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening and Dismissing Complaint and Directing Plaintiff to Show Cause**

**I.     Screening and Dismissing Complaint**

Plaintiff Austin Eckes is a prisoner currently incarcerated at Wabash Valley Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has

happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

Mr. Eckes, an inmate confined at Wabash Valley Correctional Facility, names as defendants: (1) Lt. Hiatt; (2) C/O S. Duggar; and (3) C/O Brewer. He alleges that he has an irregular heart beat that slow down his breathing and that on June 19, 2018, he was improperly left in a smoke-filled room unattended for around thirty minutes, and that the prison officers were deliberately indifferent to his serious medical need because he "could have fallen unconscious or died or committed suicide." Dkt. No. 1 at 4. Specifically, Mr. Eckes was brought into an interview room where Lt. Hiatt spoke to him for about five minutes before leaving. He was then left unattended for around thirty minutes. After thirty minutes, he beat on the cell doors to get the attention of the officer, and he was subsequently released from the room. Upon his release, he asked to see a mental health therapist, but C/O S. Duggar allegedly told him he was fine and refused to go get Mr. Eckes's mental health therapist. Mr. Eckes then alleges he was going through a "mental & physical break down." Dkt. No. 1 at 4. Mr. Eckes alleges that C/O Brewer was in charge of the control booth, and if Mr. Eckes had not beat on the cell door, he would most likely have died "not by suicide but by breathing in those chemicals that was [sic] physically hurting me internally." *Id.* For relief, he requests an "equitable sum of money." Dkt. No. 1 at 5.

Any claims against Lt. Hiatt must be **dismissed** because there are no allegations of constitutional wrongdoing on his part. Mr. Eckes alleges only that he talked to Lt. Hiatt for about five minutes. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual

cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

Any Eighth Amendment deliberate indifference claims against C/O S. Duggar and C/O Brewer are **dismissed for failure to state a claim upon which relief can be granted**. To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). A successful § 1983 plaintiff must also establish not only that a state actor violated his constitutional rights, but that the violation caused the plaintiff injury or damages. *Roe v. Elyea*, 631 F.3d 843, 846 (7th Cir. 2011) (citation omitted). Here, Mr. Eckes does not allege that these defendants were aware of a serious medical need or any actual physical harm.

Mr. Eckes also asserts he has a Fourteenth amendment due process claim for the officers' failure to comply with IDOC policy, rules and procedures, but has failed to explain what due process rights were violated or which IDOC policy, rules, or procedures were not complied with. Accordingly, any Fourteenth amendment due process claim is **dismissed.**

Accordingly, Mr. Eckes's complaint must be **dismissed for failure to state a claim upon which relief can be granted** pursuant to 28 U.S.C. § 1915A(b).

## II. Further Proceedings

The plaintiff shall have **through July 25, 2018,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v.*

*Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (Plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). If the plaintiff wishes to amend his complaint, he shall place the proper case number, 2:18-cv-00279-WTL-DLP, and the words "Amended Complaint" on the first page of the amended complaint.

If the plaintiff fails to show cause, the action will be dismissed for the reasons set forth in this Entry without further notice. If the plaintiff files an amended Complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b).

The clerk **is directed to update** the docket to reflect that (1) "C/O S. Duggar" is a named defendant, and (2) "C/O Brewer" is the correct defendant in place of defendant "C/O Brown."

**IT IS SO ORDERED.**

Date: 6/26/18

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

AUSTIN ECKES
228699
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only